IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| DONALD WAYNE PEERY, ) | |
|     Petitioner, ) | Civil Action No. 7:16CV00225 |
| ) | |
| v. ) | |
| ) | |
| DIRECTOR, VIRGINIA DEPARTMENT ) | By: Elizabeth K. Dillon |
| OF CORRECTIONS, ) |     United States District Judge |
|     Respondent. ) | |

**MEMORANDUM OPINION**

Donald Wayne Peery, a Virginia inmate proceeding *pro se*, filed this petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging the validity of his confinement on a judgment by the Pittsylvania County Circuit Court. Respondent filed a motion to dismiss, to which Peery responded, making this matter ripe for disposition. Upon review of the record, the court concludes that respondent's motion to dismiss must be granted, and Peery's § 2254 petition must be dismissed.

I. FACTUAL AND PROCEDURAL BACKGROUND

On October 10, 1997, the Pittsylvania County Circuit Court entered a final order convicting Peery of twenty-three counts of forgery, twenty-six counts of uttering a forged check, one count of eluding a police officer, and one count of reckless driving, and sentenced him to a total of fifty-three years, four months, and sixty days. The court suspended all but four years and six months, and Peery was released and placed on five years of supervised probation. After two separate convictions while on probation,[1] Peery appeared before the trial court on February 26, 2013 and was found guilty of violating the terms of his probation for the second time. Peery did

---

[1] Peery was released on November 29, 2010, from incarceration after serving sentences for multiple probation violations. Then in 2012, Peery was arrested and charged with felony unauthorized use of vehicle/boat in Appomatox County and, separately, arrested and charged with felony bad check in Campbell County.

not contest the probation violation, and the court imposed the remaining balance of his previously suspended sentences, which totaled forty-eight years, seven months, and sixty days.

On appeal, Peery did not dispute the probation violation, but instead argued that the trial court abused its discretion in imposing his suspended sentence. On May 25, 2013, Peery's court-appointed counsel advised Peery by letter that he would file a petition for a writ of error and send a copy of the petition to Peery once it was filed. Peery and counsel corresponded by mail further, despite counsel's failure to respond to Peery's requests to send him documents related to his appeal.[2] On September 17, 2013, Peery wrote to counsel advising him that he had been transferred from the Amherst County Adult Detention Center to the Nottoway Correctional Center, and counsel acknowledged receipt of that letter on October 3, 2013.

Soon thereafter, counsel informed Peery by letter dated October 16, 2013, that his petition for writ of error had been denied that same date and that if Peery did not notify counsel by October 28, 2013, to proceed further with his appeal, counsel would close Peery's file. Peery claims that he wrote to counsel again on October 17, 2013, requesting that counsel continue with the appeal.[3] On March 23, 2014, Peery sent another letter to notify counsel that he has been transferred to the River North Correctional Center ("RNCC") and had not received any of the requested copies of his filings. Over two months later, on July 1, 2014, Peery again attempted to contact counsel by letter, requesting an update on his case and stating that he never received the copies.

---

[2] On July 12, 2013, by way of letter, Peery requested that counsel send a copy of the petition for a writ of error and the brief in opposition filed by the Commonwealth in the Court of Appeals of Virginia. Counsel responded on July 17, 2013, that he would make a copy of each the following week in order to mail to Peery. Counsel did not mail to Peery these documents until later that year because the "VA DOC website did not state where [Peery] was held." (Pet'r's Pet., *Peery v. Dir. Dep't. of Corr. of Va.*, Record No. 151521 Ex. C. (Va. Dec. 14, 2015).

[3] This date conflicts with that of Pet'r's Pet. at 4, Record No. 151521, citing October 23, 2013, as the relevant date; there exists no exhibit containing the actual letter referenced.

Upon not receiving any response from counsel, Peery filed a complaint with the Virginia State Bar ("VSB") on October 10, 2014, stating that he had not been contacted by counsel since October 16, 2013, and, consequently, had no knowledge of the status of his appeal. By letter dated May 6, 2015, the VSB informed Peery that it had completed the investigation into his pending bar complaint. The VSB determined that counsel had failed to act with the requisite level of reasonable diligence and promptness in representing Peery pursuant to Rule 1.3 of the Virginia State Bar Rules of Professional Conduct.

On October 8, 2015, Peery filed a petition for a writ of habeas corpus in the Supreme Court of Virginia claiming counsel was ineffective for abandoning him on appeal. The petition was dismissed on December 14, 2015, as untimely pursuant to Virginia Code § 8.01-654(A)(2). (Order, *Peery v. Dir. Dep't. of Corr. of Va.*, Record No. 151521, (Va. Dec. 14, 2015)).

On February 18, 2016,[4] Peery signed and dated his initial petition for writ of habeas corpus in the U.S. District Court for the Western District of Virginia pursuant to 28 U.S.C. § 2254, which the court received on February 22. (*Peery v. Va. Dep't. of Corr.*, No. 7:16cv00070 (W.D. Va. March 14, 2016) (Docket No. 21, Ex. 5E)). Peery's petition alleged that defense counsel was ineffective for not continuing Peery's appeal of the February 2013 probation revocation sentence. The court notified Peery that his petition appeared to be untimely under 28 U.S.C. § 2244(d) and ordered Peery to provide further information on the issue of timeliness within ten days from Sunday, February 26, 2016. Peery did not file a timely response to this order, and by opinion entered March 14, 2016, the court dismissed the case without prejudice.

---

[4] The date of the court's conditional filing order, February 26, 2017, is not the date of filing for purposes of the statute of limitations. The date when Peery signed and dated the petition, February 18, 2016, is the date of filing, pursuant to Rule 3(d), Rules Governing Section 2254 Cases.

Thereafter, in response to the dismissal order entered on March 14, 2016, Peery offered evidence that prison mailroom delays caused him to receive the court's February 26, 2017 order late. Peery did not receive the order until March 9, 2016, the date that his response was due to the court. Peery did not move for reinstatement of his initial petition, No. 7:16CV0070.

On May 13, 2016, the court received Peery's present habeas petition, signed and dated on May 9, 2016. As in the initial petition, he challenges his confinement under the February 2013 state probation revocation order, based on counsel's alleged abandonment of him on appeal. Again, the court notified Peery that his habeas claim was untimely filed and granted him an opportunity to present additional argument on that issue, which he has done. Thereafter, respondent filed the motion to dismiss Peery's petition as untimely and procedurally barred. Peery responded, making this matter ripe for decision.

## II. DISCUSSION

### A. Timeliness

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), a one-year statute of limitations applies when a person in custody pursuant to a state court judgment files a federal

petition for a writ of habeas corpus. 28 U.S. C. § 2244(d)(1)(A-D).[5] Generally, this period begins to run from the date on which the judgment becomes final by exhausting the availability of direct review. *See* 28 U.S.C. § 2244(d)(1)(A). However, the time during which a "properly filed" state habeas petition is pending is not counted towards the limitations period. 28 U.S.C. § 2244(d)(2).

Peery's challenge to the February 2013 revocation order is clearly untimely under § 2244(d)(1)(A). Direct review of the revocation order concluded, and Peery's federal habeas time clock began to run, on November 15, 2013, thirty days after the Court of Appeals of Virginia denied his appeal on October 16, 2013. *See* Va. Sup. Ct. R. 5:14 (allowing 30 days from date of judgment to note an appeal). Peery then filed a state habeas petition in the Supreme Court of Virginia on October 8, 2015. The state habeas court dismissed Peery's petition on December 14, 2015, as untimely, pursuant to Virginia Code § 8.01-654(A)(2). Because the state habeas court found Peery's petition to be untimely, and therefore improperly filed, the filing and pendency of the petition did not toll the federal filing period under § 2244(d)(2). Moreover, under § 2244(d)(1)(A), Peery's one-year federal filing period expired on November 15, 2014, well before

---

[5] Under § 2244(d)(1), the one-year period of limitation for filing a habeas petition under § 2254 begins to run on the latest of four dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

he filed his state petition, another reason that the state petition did not toll the federal time clock. Furthermore, even if the court considered Peery's claim as having been filed in February 2016, in his first federal habeas petition, he did not bring that case until more than a year out of time under § 2244(d)(1).

Peery has not asserted that his § 2254 petition is timely under the other three subsections of § 2244(d), and the court finds no basis for so finding. Peery's case and petition do not implicate any state-created impediment to his presentation of the current claim so as to trigger § 2244(d)(1)(B). His case also does not involve any new rule of constitutional law declared in a recently decided and retroactively applicable decision of the United States Supreme Court, so as to invoke § 2244(d)(1)(C). Lastly, with due diligence, Peery could have discovered his attorney's alleged misconduct long before May 6, 2015, when the VSB concluded its investigation on his complaint. Peery knew the facts about his attorney's errors by the time he initially filed the VSB complaint in October, 2014.[6] Thus, Peery does not state facts justifying calculation of his federal filing period beginning on May 6, 2015, under § 2244(d)(1)(D). Accordingly, Peery's federal habeas claim is time-barred unless he demonstrates that the court should equitably toll the one-year statute of limitations. *Rouse v. Lee*, 39 F. 3d. 238, 246 (4th Cir. 2003).

Peery seeks equitable tolling based on the time period between the date he filed his VSB complaint and the date when the VSB concluded its investigation and issued its reprimand to counsel. A habeas petitioner is only entitled to equitable tolling if he demonstrates both that he

---

[6] The receipt of the VSB's determination that counsel had abandoned Peery did not change the factual landscape of his case. Much earlier, counsel failed to communicate with Peery about the status of his case and further appellate options. After receiving intermittent to no communication for months, Peery then filed his VSB complaint in October of 2014. Thus, the VSB's decision on May 6, 2015, cannot constitute a newly discovered "factual predicate" of the claims presented, when Peery had already discovered the fact of counsel's abandonment at the time he filed his VSB complaint. *See, e.g., Owens v. Boyd*, 235 F. 3d 356, 359 (7th Cir. 2000) ("[T]he trigger in § 2244(d)(1)(D) is (actual or imputed) discovery of the claim's 'factual predicate,' not recognition of the facts' legal significance.").

has been diligent in pursuing his rights and that an extraordinary circumstance prevented him from filing on time. *Holland v. Florida*, 560 U.S. 631, 649 (2010). The investigation of the bar complaint was pending between October 2014 and May 2015. However, upon its conclusion, Peery did not file a state habeas petition until October 8, 2015. Peery did not diligently pursue his rights when he allowed nearly two years to elapse between the dates of the revocation order and the filing of his state habeas claim. Moreover, Peery makes no showing that the pending bar complaint or any other extraordinary circumstance prevented him from filing his federal habeas petition on time. Accordingly, equitable tolling does not apply.

Nonetheless, even if Peery could invoke equitable tolling, he is not entitled to relief because his claims are simultaneously exhausted and procedurally defaulted, as explained below.

**B.     Exhaustion of Remedies**

The court may grant habeas corpus relief when a state prisoner demonstrates that his custody violates the "Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The state prisoner must exhaust his available state remedies or demonstrate the absence or ineffectiveness of such remedies before seeking federal habeas relief. *See* 28 U.S.C. § 2254(b). "[T]he burden of proving that a claim is exhausted lies with the habeas petitioner." *Breard v. Pruett*, 134 F. 3d 615, 619 (4th Cir. 1998). To meet the exhaustion requirement, a prisoner must seek review of his claim in the highest state court with jurisdiction to review it through either direct appeal or post-conviction proceedings. *See Baker v. Corcoran,* 220 F. 3d 276, 288 (4th Cir. 2000) (citing *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999)). The legal theories and factual allegations presented in federal court must be the same as those presented at least once to the highest state court. *Id.* (citing *Gray v. Netherland*, 518 U.S. 152, 161 (1996)).

Peery appealed the probation revocation judgment by filing a petition for writ of error with the Virginia Court of Appeals, which was later denied. Peery then filed a writ of habeas corpus in the Supreme Court of Virginia on October 8, 2015. On habeas, Peery asserted one claim – the same claim that he presents here – for ineffective assistance of counsel. On December 14, 2015, the Supreme Court of Virginia dismissed Peery's petition as untimely pursuant to Virginia Code § 8.01-654(A)(2). Because the Supreme Court of Virginia is the highest state court in Virginia with jurisdiction to review petitions of habeas corpus, the court finds that Peery has exhausted his state remedies. *Baker*, 220 F.3d at 288.

### C. Procedural Default

Because the state courts found that Peery did not timely exhaust his state remedies, his habeas claim is procedurally barred from federal review. "A habeas petitioner is barred from seeking federal review of a claim that was presented to a state court and 'clearly and expressly' denied on the independent, adequate state ground of procedural default." *Bennett v. Angelone*, 92 F.3d 1336, 1343 (4th Cir. 1996) (citing *Harris v. Reed*, 489 U.S. 255, 263 (1989)); s*ee also Coleman v. Thompson*, 501 U.S. 722, 729-30 (1991). A procedural rule is adequate "if it is regularly or consistently applied by the state court, and is independent if it does not 'depend[] on a federal constitutional ruling.'" *Yeatts v. Angelone*, 166 F.3d 255, 260 (4th Cir. 1999) (quoting *Ake v. Oklahoma*, 470 U.S. 68, 75 (1985)). When these two requirements have been met, federal review of the claim is barred absent a showing of cause for and resulting prejudice from the default, or a fundamental miscarriage of justice. *Harris*, 489 U.S. at 262; *see also Coleman*, 501 U.S. at 749-50.

The state habeas court held that Peery's claim was procedurally barred because his state habeas petition was not timely filed pursuant to Virginia Code § 8.01-654(A)(2).[7] Federal courts recognize Virginia Code § 8.01-654(A)(2) as an independent and adequate state ground for denying relief on a federal habeas claim. *See Sparrow v. Dir., Dep't of Corr.*, 439 F. Supp. 584, 587-88 (E.D. Va. 2006). Because Peery filed an untimely state habeas petition, the Supreme Court of Virginia never had the opportunity to adjudicate the merits of the claim. Moreover, Peery is barred from raising the same claim in a second state habeas petition now, pursuant to Virginia Code §§ 8.01-654(A)(2), 8.01-654(B)(2). Accordingly, Peery's claim is simultaneously exhausted and procedurally barred from federal habeas review.

D.  **No Showing of Cause for Default**

A petitioner may overcome a state default by establishing cause for and resulting prejudice from the default, or a fundamental miscarriage of justice. *Coleman*, 501 U.S. at 749-50. The existence of cause ordinarily turns upon a showing of (1) a denial of effective assistance of counsel, (2) a factor external to the defense which impeded compliance with the state procedural rule, or (3) the novelty of the claim. *Id.* at 753-54; *see also Clozza v. Murray*, 913 F.2d 1092, 1104 (4th Cir. 1990). Importantly, a court need not consider the issue of prejudice absent a showing of cause. *Kornahrens v. Evatt*, 66 F.3d 1350, 1357 (4th Cir. 1995), *cert. denied*, 517 U.S. 1171 (1996).

Peery claims that he received ineffective assistance of counsel on appeal from his probation revocation judgment. Peery argues under *Martinez v. Ryan*, 566 U.S. 1, 132 S.Ct. 1309 (2012), that counsel's abandonment during his state habeas appeal should constitute cause

---

[7] Virginia Code § 8.01-654(A)(2) establishes the statute of limitations for Virginia state habeas petitions. A petition for a writ of habeas corpus challenging a criminal conviction must be brought within (1) two years from the date of final judgment in the trial court, or (2) within one year from either final disposition in the state court or the time for filing such an appeal has expired. *Id.*

to excuse Peery's failure to present this claim in a timely state habeas petition.[8] This argument is unavailing. In *Martinez*, the United States Supreme Court recognized the narrow exception that the "inadequate assistance of counsel at initial-review collateral proceedings *may* establish cause for a prisoner's procedural default of a claim of ineffective-assistance-at-trial." *Id.* at 9 (emphasis added). In Virginia, an ineffective-assistance-of-counsel claim is not cognizable on direct appeal, and, instead, a prisoner must raise it in a timely state habeas petition. *See*, *e.g.*, *Juniper v. Zook*, 117 F. Supp. 3d 780, 789 (E.D. Va. 2015) (citing *Lenz v. Commonwealth*, 261 Va. 451, 460 (2001)). Here, the Supreme Court of Virginia's review of Peery's state habeas petition was the initial-review collateral proceeding as discussed in *Martinez*. Because the Supreme Court of Virginia could not review Peery's untimely state habeas petition on the merits, *see* Virginia Code § 8.01-654(A)(2), Peery cannot rely on *Martinez* to show cause to excuse his state procedural default.

Peery has failed to show cause for the procedural default of his claim, and therefore, the court need not analyze whether prejudice exists. *Evatt*, 66 F.3d at 1357. Additionally, because Peery has failed to raise this argument, the court need not analyze whether a miscarriage of justice occurred. Accordingly, the court concludes that Peery's ineffective-assistance-of-counsel claim is barred from review on the merits, and the claim must be dismissed.

### E. No Merit to the Federal Habeas Claim

In any event, even if Peery could persuade the court to reach the merits of his ineffective-assistance-of-counsel claim, that claim is without merit. Peery had no *per se* constitutional right to counsel at his probation revocation hearing. *Gagnon v. Scarpelli*, 411 U.S. 778, 790 (1973).[9]

---

[8] Peery raises this argument in his Brief in Opposition. Pet'r's Brief in Opp. at 5, 7:16cv225, Dkt. No. 21.

[9] Consistent with United States Supreme Court precedent, the courts in the Eastern and Western Districts of Virginia have additionally held that there is no right to effective assistance of counsel stemming from probation

However, "fundamental fairness" may require counsel at some revocation hearings. *Id.* at 790. On a case-by-case basis, the right to counsel may be granted at a probation revocation as an exception. *Id.* at 790-91. Counsel is constitutionally required only if the probationer made:

> a timely and colorable claim (i) that he has not committed the alleged violation of the conditions upon which he is at liberty; or (ii) that, even if the violation is a matter of public record or is uncontested, there are substantial reasons which justified or mitigated the violation and make revocation inappropriate, and that the reasons are complex or otherwise difficult to develop or present.

*Id.* In doubtful cases, the court may also weigh the inability of the accused to speak effectively on his own behalf. *Id.*

Here, Peery cannot meet the requirements under *Gagnon*, and therefore, he cannot establish that he had a constitutional right to counsel at his probation revocation hearing. Peery did not contest his probation violation or show any reason that revocation of his probation was not warranted. Moreover, the transcript of the revocation hearing shows that defense counsel stated that there was no evidence to present. (Probation Revocation Hr'g Tr. at 15). Further, while Peery was represented by counsel during his probation revocation hearing, the transcript of the revocation hearing shows that Peery competently communicated his position to the court when asked to speak for himself.[10] *Id.* at 17-19. For these reasons, Peery has not shown that he

---

revocation hearings. *Talbott v. Johnson*, Civil Action No. 7:06-cv-00510, 2006 U.S. Dist. LEXIS 92304 (W.D. Va. Dec. 21, 2006) (affirming the Supreme Court of Virginia's holding that petitioner had no right to counsel under *Gagnon* and, therefore, court appointed counsel could not have rendered constitutionally ineffective assistance); *United States v. Allgood*, 48 F. Supp. 2d 554, 560 (E.D. Va. 1999) ("Because there is no constitutional right to counsel on appeal from revocation of supervised release, or even at the revocation hearing itself, there could be no ineffective assistance of counsel claim based on counsel's failure to file an appeal."); *Payne v. Kelly*, Civil Action No. 7:01-cv-00195, 2001 U.S. Dist. LEXIS 27242 (W.D. Va. July 24, 2001) (upholding the Supreme Court of Virginia's dismissal of petitioner's ineffective-assistance-of-counsel claim at a probation revocation proceeding by adhering to *Gagnon* precedent).

[10] Peery explained to the court that the underlying conviction of his final probation violation - felony bad check - occurred because he needed to purchase gas to see his dying mother. The court did not accept this excuse and responded that Peery had been in court multiple times before on probation revocation hearings. The court stated that "there just [was]'nt much at [his] age the Court fe[lt] it [could] do with [him]." (Probation Revocation Hr'g Tr. at 17-19).

had a constitutional right to counsel at his probation revocation hearing pursuant to the *Gagnon*'s case-by-case exception.[11] Moreover, because Peery had no constitutional right to counsel at his revocation hearing, he necessarily had no right to counsel on appeal from that hearing. *See, e.g.*, *United States v. Allgood*, 48 F. Supp. 2d 554, 560 (E.D. Va. 1999) ("Because there is no constitutional right to counsel on appeal from revocation of supervised release, or even at the revocation hearing itself, there could be no ineffective assistance of counsel claim based on counsel's failure to file an appeal."). Accordingly, Peery's claim that he received ineffective assistance of counsel on appeal from his probation revocation hearing has no merit.

## III. CONCLUSION

For the reasons stated, the court concludes that the respondent's motion to dismiss must be granted. Peery failed to file his petition within the time limits mandated by § 2244(d) and cannot demonstrate any ground on which tolling is warranted. Further, the habeas claim presented is without merit and procedurally barred from federal review.

---

[11] In his brief in opposition, Peery additionally claims that because the "court appointed him an attorney[,] that act alone triggered his constitutional rights to effective counsel." Pet'r's Brief in Opp. at 4, 7:16cv225, Dkt. No. 21. This argument is unavailing. Appointed counsel represented Peery pursuant to a Virginia statute allowing, but not requiring, discretionary appointment of counsel in revocation proceedings. *See* Virginia Code Ann. § 53.1-165. This type of discretionary appointment of counsel does not necessarily "give rise to a *constitutional* right to counsel, nor the concomitant constitutional right to the effective assistance of counsel" in a post-conviction proceeding. *Lerch v. Hinkle*, Civil Action No. 3:08CV305, 2009 U.S. Dist. LEXIS 17598, at *9 (E.D.Va. Mar. 6, 2009) (emphasis added) (citing *United States v. Lester*, No. 95-5765, 1996 U.S. App. LEXIS 3469, at *3 (6th Cir. Jan. 24, 1996)). Accordingly, even though Peery was appointed counsel at his probation revocation hearing, the question of whether Peery had a constitutional right to such counsel is controlled by *Gagnon*.

Peery next claims that "if there is a right to an appeal, then there is a right to effective assistance of counsel on appeal." Pet'r's Brief in Opp. at 4, 7:16cv225, Dkt. No. 21. Peery relies broadly on *Evitts v. Lucey*, 469 U.S. 387 (1985), which held that a criminal defendant is guaranteed the effective assistance of counsel on his *first appeal as of right*, and the state cannot cut off such a right when appointed counsel has failed to follow mandatory appellate rules. *Id*. at 391-405 (emphasis added). *Evitts* has no relevance here because its "substantive holding … depends on a constitutional right to appointed counsel that does not exist in state habeas proceedings." *See Pennsylvania v. Finley*, 481 U.S. 551, 558 (1987) (citing *Evitts*, 469 U.S. at 401). Accordingly, Peery cannot rely on *Evitts* to establish a constitutional right to counsel on appeal from his probation revocation hearing.

An appropriate order will be entered this day.

Entered: September 11, 2017.

/s/ *Elizabeth K. Dillon*
Elizabeth K. Dillon
United States District Judge